AULTMAN, MILLER & COMPANY v. WILLIAM GRIMES.

FILED JANUARY 16, 1894. No. 4772.

1. **Liability of Sheriffs for Failure of Duty in Serving Writs.** A sheriff who has received for service an order of attachment, and garnishee notices for alleged debtors of the defendant, will not be held liable in an action by the plaintiff in the attachment suit on the sole ground that he procured like notices to be served on the same parties as garnishees in a suit by attachment, in which he is plaintiff against the same defendant, after the receipt of the notices first mentioned and before service thereof.

2. Pleading.    Petition examined, and *held* not to state a cause of
        action.

ERROR from the district court of Johnson county.    Tried
below before BROADY, J.

   *Daniel F. Osgood*, for plaintiff in error.

   *S. P. Davidson* and *J. Hall Hitchcock, contra.*

POST, J.

This was an action by the plaintiff in error in the dis-
trict court of Johnson county against the defendant in er-
ror, William Grimes, on his official bond as sheriff of said
county.    The allegations of the petition are substantially
as follows: On the 20th day of October, 1888, the plaintiff
in error commenced an action in the district court of John-
son county against one George H. Dennett to recover the
sum of $1,417, and caused an order of attachment to be
issued in said action, and also garnishee notices for Charles
M. Chamberlain and the Chamberlain Banking Company,
as supposed debtors of the defendant therein, which writs
were, on the day above named, delivered to defendant in
error as sheriff for service; that the latter intentionally
neglected and refused to serve said writs until the 22d day
of October; that in the meantime defendant in error had
commenced an action in the county court of said county
against said Dennett, to recover the sum of $———, and
caused an order of attachment to be issued in said action,
and also garnishee notices for the said Charles M. Cham-
berlain and the Chamberlain Banking Company, which
last named notices defendant in error, as sheriff, served on
the aforesaid garnishees previous to the service of the
notices issued in the action of plaintiff in error; that on
the 14th day of December, 1888, said garnishees answered
in the action of the defendant in error, admitting that they
had in their possession property and money of the defend-

ant Dennett amounting in the aggregate to $2,900, as se-
curity for a debt of $2,700 due and owing by the latter to
them, whereupon they were ordered to pay into court a sum
sufficient to satisfy the judgment of defendant in error, with
costs, to-wit, $162.85; that the last named sum was paid
into court by the garnishees, in obedience to the order of
the county court, on the 5th day of February, 1889, and
turned over to the defendant in error; that subsequently
the action against Dennett came on for trial in the district
court and judgment was rendered therein for plaintiff in
error in the sum of $1,417, which remains wholly unsat-
isfied; that had defendant in error served said notices in
the order in which they were received by him, the said
sum of $162.85 would have been due and payable on the
claim of the plaintiff; wherefore it is damaged, etc.   The
answer is in the nature of a demurrer to the petition.   A
second cause of action set out in the petition need not be
noticed, since it is not referred to in the brief of counsel.
A trial in the district court resulted in a verdict and judg-
ment for the defendant in error.

Practically the only question argued in this court is that
of the sufficiency of the petition.   It will be observed that
the wrong complained of is not a failure to serve the no-
tices upon the garnishees, but the previous service of like
notices in his own case by the defendant in error.   It does
not appear from the petition that the garnishees have ever
answered or been discharged in the action of plaintiff, or
that they have not in their possession sufficient property to
satisfy the judgment in the district court.   The only alle-
gation on the subject is that the garnishees in the action, by
defendant in error, in the county court answered that they
had in their possession property and money of Dennett of
the value of $2,900, to secure an indebtedness of the latter
to them of $2,700.   It is not insisted that there exists any
special provision of statute making a sheriff liable for pro-
curing a writ of attachment to be served in an action to

which he is a party, although the effect thereof may be to defeat the claims of other creditors; nor is there any claim that the garnishee notices were not served and returned within the statutory time. If defendant in error is to respond in damages for the acts complained of, it must be on the ground that plaintiff in error has suffered damage in consequence thereof; but on that question the petition is silent. In order to state a cause of action for the wrong complained of, it should have been alleged either that the amount paid into court to satisfy the judgment of defendant in error exhausted the funds of Dennett in the hands of the garnishees, or that the latter had answered and been discharged in the action against Dennett in the district court; nor is it alleged that Dennett is insolvent, or that the amount of the judgment could not be made on execution against him. There is a further question presented by the record, viz., the validity of the service by defendant in error of the garnishee notices in his own action, which will not be noticed, as the judgment must be affirmed for reasons already stated.

AFFIRMED.